UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER ZAYAS, JR., individually and
as the Administrator of the Estate of Ismael
Zayas, Deceased,

Plaintiff,

-against-

U.S. BANK, N.A.; KASS SHULER, P.A.;
RICHARD MCIVER, ESQ.; and JENNIFER
SCOTT, ESQ.,

Defendants.

Case No. 1:25-cv-10709 (JLR)

**<u>ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

**DISCUSSION**

On November 23, 2025, Plaintiff Alexander Zayas, Jr., individually and as administrator of the estate of Ismael Zayas, brought claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, tortious interference of an insurance contract, and abuse of process against the former mortgagee of his late grandfather, U.S. Bank, N.A., as well as its prosecuting law firm and two of the firm's attorneys. *See generally* Dkt. 1-1 ("Complaint" or "Compl."). Having received the Summons and Complaint on December 11, 2025, Defendants timely removed this case from the Supreme Court of the State of New York, New York County on December 26, 2025. Dkt. 1 ("Notice of Removal") at 1-2. Thereafter, on January 8, 2026, Defendants requested that their deadline to answer or otherwise respond to the Complaint be extended to February 6, 2026. Dkt. 7. The Court granted Defendants' request. Dkt. 8 at 1.

On February 2, 2026, Plaintiff filed an Amended Complaint.  Dkt. 11 ("Am. Compl.").[1] Federal Rule of Civil Procedure ("Rule") 15 governs amended and supplemental pleadings.  Fed. R. Civ. P. 15.  It provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serv[ice]" of the Complaint, or "(B) 21 days after service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f)."  *Id.* 15(a)(1)(A)-(B).  Plaintiff's amendment falls outside of the first deadline, and the second deadline is not yet applicable.[2] Accordingly, Plaintiff needed "the opposing party's written consent or the court's leave" to file the Amended Complaint.  *Id.* 15(a)(2).  Plaintiff obtained neither.

Nevertheless, the Court finds it appropriate to grant Plaintiff leave to file the Amended Complaint *nunc pro tunc*.  "[E]ven if not requested by the Plaintiff, the Court may *sua sponte* grant leave to amend."  *Steger v. Delta Airlines, Inc.*, 382 F.Supp.2d 382, 387 (E.D.N.Y. 2005); *Witkowich v. Gonzales*, 541 F.Supp.2d 572, 590 (S.D.N.Y. 2008) (same); *Khodeir v. Sayyed*, 323 F.R.D. 193, 197 (S.D.N.Y. 2017) (same); *S. Ill. Laborers' & Emps. Health & Welfare Fund v. Pfizer Inc.*, No. 08-cv-05175 (KMW), 2009 WL 3151807, at *1 n.3 (S.D.N.Y. Sept. 30, 2009) (same).  "This discretion includes the ability to retroactively grant a party leave to file an amended pleading," *Khodeir*, 323 F.R.D. at 197, and Rule 15 dictates that such leave be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2).  Indeed, the Supreme Court has clarified that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

---

[1] Due to deficiencies with Plaintiff's docket entry, Plaintiff has been instructed to refile his Amended Complaint, but the substance of any revised docket entry should remain the same.

[2] It is unclear if, or when, Defendants were served because there is no certificate of service of the Complaint on the docket.  Plaintiffs may have been served on or around December 11, 2025, when U.S. Bancorp "recei[ved] . . . the Summons and Complaint."  Notice of Removal at 1-2. Regardless, Defendants have yet to file a responsive pleading.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  A district court may therefore deny leave to amend only "for good reason," which includes "futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Here, Plaintiff's Amended Complaint contains the following revisions: (1) Plaintiff corrects his identification of Defendant U.S. Bank, N.A., Am. Compl. ¶ 9; (2) Plaintiff adds minor new factual details, *id.* 31-32; (3) Plaintiff includes a supplemental jury demand, Dkt. 11-1.  The Court briefly addresses each revision.

First, in his Complaint, Plaintiff identified U.S. Bancorp. as a defendant under the mistaken belief that the entity does business as U.S. Bank, N.A., his late grandfather's former mortgagee, Compl. ¶ 9; in reality, U.S. Bancorp. is the parent of U.S. Bank, N.A., Am. Compl. ¶ 9; *see also* Dkt. 9 at 1 n.1 ("U.S. Bancorp. does not do business as U.S. Bank, N.A. and is not properly named as a defendant in this action.  U.S. Bancorp. will move to dismiss this action against it as soon as practicable.").  Thus, Plaintiff's Amended Complaint replaces U.S. Bancorp. with Defendant U.S. Bank, N.A., the actual party of interest.

"Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Rule 21 of the Federal Rules of Civil Procedure."  *Lawrence v. Starbucks Corp.*, No. 08-cv-03734 (LTS) (JCF), 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) (citation omitted).  Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "In deciding whether to permit the addition of a party, the court applies the same standard of liberality under Rule 21 as that afforded to motions under Rule 15(a), which similarly states that 'the court should freely give leave when justice so

3

requires.'" *Otegbade v. N.Y.C. Admin. for Child. Servs.*, No. 12-cv-06298 (KPF), 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015) (alteration adopted) (quoting Fed. R. Civ. P. 15(a)(2)) (citing cases). Plaintiff's amendment obviates the need for U.S. Bancorp. to file a motion to dismiss, *see* Dkt. 9 at 1 n.1, and ensures that the correct party is named as a defendant. In addition, none of the bases for denial of leave to amend apply here. The amendment is neither futile nor done in bad faith, and there is no undue delay or prejudice to Defendants because the matter is still in its early stages. The Court will, therefore, grant Plaintiff leave to such an amendment.

Second, Plaintiff's minor factual revisions are likewise appropriate, and the Court finds no reason to deny Plaintiff leave to make them.

Lastly, Plaintiff's supplemental jury demand is timely, so leave to make such an amendment is appropriate. Rule 38 provides that, "a party may demand a jury trial by . . . serving the other parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b)(1). "'[T]he last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally, that pleading is an answer, or, with respect to a counterclaim, a reply." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), *aff'd*, 500 U.S. 136 (1991). Because Defendants have yet to file an answer or otherwise respond to the Complaint, Plaintiff has not waived his right to seek a jury trial by reason of a late demand. Additionally, as with Plaintiff's other amendments, none of the bases for denial of leave to amend apply here. Thus, the Court will grant leave to amend as "justice so requires." Fed. R. Civ. P. 15(a)(2).

4

## CONCLUSION

The Court grants Plaintiff leave to file the Amended Complaint *nunc pro tunc*. The Clerk of Court is respectfully directed to terminate Defendant U.S. Bancorp. as a party and add Defendant U.S. Bank, N.A.

Pursuant to the Federal Rules, Defendants Kass Shuler, P.A., Richard McIver, Esq., and Jennifer Scott, Esq. shall file their answer or otherwise respond to the Amended Complaint by **February 16, 2026**. In turn, as to those Defendants, Plaintiff shall file any Certificate of Service of the initial Complaint by **February 9, 2026**. Plaintiff shall also serve Defendant U.S. Bank, N.A. with the Amended Complaint no later than **May 4, 2026**, and docket proof of such service forthwith.

Dated: February 4, 2026
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge